Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

FILED
IN CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

2022 JUN 21  AM 8: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

Svetlana Kucherenko )
)
) Case No. _____
) *(to be filled in by the Clerk's Office)*
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* ) Jury Trial: *(check one)* [✓] Yes [ ] No
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
-v- )
)
1.U.S Department of Housing and Urban )
Development, 2.Chelsea Housing Authority, 3. Iris )
Perez-Feliciano, 4. Paul Nowicki )
)
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  | | |
  |---|---|
  | Name | Svetlana Kucherenko |
  | Street Address | 5 Lakeview Ave. Apt # 3 |
  | City and County | Reading |
  | State and Zip Code | MA, 01867 |
  | Telephone Number | 617 935 6612 |
  | E-mail Address | lanakucherenko@yahoo.com |

  B. **The Defendant(s)**

  Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | U.S. Department of Housing and Urban Development |
| Job or Title *(if known)* | Office of Fair Housing and Equal Opportunity |
| Street Address | Thomas P. O'Neill, Jr. Federal Building, 10 Causeway Street |
| City and County | Boston |
| State and Zip Code | MA, 02222 |
| Telephone Number | 617 994 8300 |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | Chelsea Housing Authority |
| Job or Title *(if known)* | |
| Street Address | 54 Locke Street |
| City and County | Chelsea |
| State and Zip Code | MA, 02150 |
| Telephone Number | 617 884 5617 |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | Iris Perez-Feliciano |
| Job or Title *(if known)* | Leased Housing Manager |
| Street Address | 54 Locke Street |
| City and County | Chelsea |
| State and Zip Code | MA, 02150 |
| Telephone Number | 617 884 5617 |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | Paul Nowicki |
| Job or Title *(if known)* | Director of Operations |
| Street Address | 54 Locke Street |
| City and County | Chelsea |
| State and Zip Code | MA, 02150 |
| Telephone Number | 617 884 5617 |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1. Discrimination based on disability, Failure to accommodate /Retaliation,
2. Failure to prevent discrimination and retaliation,
3. Infliction/intentional infliction of emotional distress,
4. Violation of a Privacy Act of 1974,
5. Deprivation of a vested property interest without due process of Law.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

    and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    **The Amount in Controversy**

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. I am a single, disable, 51-year-old woman. I applied for Voucher in 2012. I was in the application process to receive a Housing Choice Voucher from April 2019-January 2020 (10month) at Chelsea Housing Authority (CHA) located at 54 Locke Street, Chelsea, MA 02150.
I requested a reasonable accommodation, a live-in-aide, twice - first time on April 10, 2019, and second on July 15, 2019.
Perez-Feliciano denied me the accommodation on June 5, 2019, and June 10, 2019. I was approved for accommodation on July 23, 2019 and denied again on August 8, 2019.    Please see attached pages a, b.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. A sum equivalent to the price for a 2-bedroom apartment voucher that I was determined eligible for by CHA on September 9, 2019 ($2,311), plus utilities allowance (gas $63/month + water $94 + sewer $100) x 12 month x 32 years  ($2,311.00 + $94 + $100) x 12 = $30,060.00/year x 32 years = $961,920.00
2. Compensation for pain and suffering = to be determine by the court.
3. Compensation for discrimination /failure to accommodate /retaliation = to be determine by the court.
4. Exemplary damages = to be determine by the court.

Perez-Feliciano denied me the accommodation on June 5, 2019, and June 10, 2019. I was approved for accommodation on July 23, 2019 and denied again on August 8, 2019.
I was given 4 varied reasons for denial at 4 separate times on June 5, 2019, on June 10, 2019, on August 8, 2019, and on January 6, 2020.
I was denied the right to appeal by CHA and HUD.
On August 28, 2019 I filed a complaint with HUD.
On September 4, 2019 I filed a charge of discrimination based on disability/failure to accommodate with MCAD at One Ashburton Place, Room 601, Boston, MA 02108.
On September 9, 2019 I was determined eligible by CHA to receive a Housing Choice Voucher.
On September 24, 2019 I was issued a 1-bedroom Voucher.
On November 8, 2019, 6 weeks after I was issued a Voucher, CHA denied assistance and withdrew the Voucher, engaging in unlawful retaliation in violation of State and Federal Law.
On December 19, 2019, the hearing officer Paul Nowicki held an appeal hearing at CHA. Total of 40 documents were presented.
In the letter dated January 6, 2020, he upheld the decision to "terminate "Ms. Kucherenko from section 8 program". In violation of CHA's own rules the decision was not issued within 10 days after the hearing date. I believe, in withdrawing assistance and revoking my voucher, the CHA's desire to retaliate against me, and to inflict as much of emotional distress as possible, was a determinative factor.
2. On September 4, 2019 during the intake interview, and in the dismissal letter, dated November 18, 2019, MCAD twisted the facts in the favor of the defendants numerous times. I was never provided with a "respondent position statement" or contacted with questions during the investigation period from September 4, 2019-November 18, 2019.
In my appeal letter to MCAD, dated December 4, 2019, and at the preliminary hearing on March 11, 2020, I informed MCAD that CHA retaliated and withdrew the voucher, but MCAD chose to ignore these facts.
10 month later, on January 20, 2021, MCAD affirmed the decision to dismiss the case.
Same day on January 20, 2021 MCAD denied me a right to file a Retaliation claim against CHA based on my second complaint previously filed with HUD back on February 9, 2020.
I contacted HUD 4 times - on August 28, 2019, on February 9, 2020, on October 26, 2021 and the office of Rep. Moulton contacted HUD on my behalf in November, 2021. HUD was aware of the situation. Some of the decisions and application of unconstitutional, impermissible vague regulations were coordinated with and allowed by HUD employee, portfolio management specialist Valarie L.Turner. The very existence of such vague regulation not only allows discrimination to occur, but encourages it.
3. Perez-Feliciano knew that I am disable, sporadically making very little income, don't have own transportation and very much relied on my son with help with work, appointments, grocery, shopping, laundry, rent, .... etc. Yet, on October 1, 14, 18, 2019 she requested him to move out, and forced him to move out on October 23, 2019, before any new Lease or HAP contract was signed.
Only 16 days after my son moved out, CHA/Perez-Feliciano withdrew the Voucher, engaging in unlawful retaliation in violation of State and Federal Law. I was left with no physical, emotional or financial support.
4. On April 10, 2019 I requested a reasonable accommodation and asked for an application form. Perez-Feliciano refused to provide one and denied the existence of such. However, in violation of my privacy, she requested a letter from the doctor with my medical diagnosis.
On May 21, 2019 Perez-Feliciano requested a copy of a passport, health insurance card, SS card, employment information of a potential live-in-aide. She requested him to sign HUD form 9886 and other irrelevant to live-in-aide forms. On June 10, 2019, in violation of Privacy Act and using the HUD forms, she obtained his credit and bank account information. Around December 10, 2019 she released all his information to me without his permission and without me asking.
5. On January 6, 2020 hearing officer P. Nowicki upheld the decision to deny the assistance and to terminate the Voucher.

page (a)

As a consequence of the combined affords listed above, from November 1, 2019 my rent was not paid. I received 2 letters with "Notices to quit" from my Landlord's Attorney and numerous phone calls from the Landlord demanding to pay the money I owe, or to move out. I can't move out and I don't have money to pay him what I owe.. My credit was ruined. I had no choice but to apply for RAFT assistance several times. I am currently still behind on rent since May, 2021. I am prominently disable and have no way to pay the rent.

June 21, 2022

*C. Deeeg*
Svetlana Kucherenko

page (6)

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/21/2022

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Svetlana Kucherenko

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____